Zachary B. Cohen
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20036
Tel.  (202) 282-5000
Fax  (202) 282-5100
zcohen@winston.com
*Counsel for Non-Party*
Sun Pharmaceutical Industries, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE: GLUMETZA ANTITRUST LITIGATION* | No. 19-cv-05822-WHA |
| This Document Relates To:<br>All Direct Purchaser Actions | **DECLARATION OF ZACHARY COHEN IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 262)** |

1

## <u>DECLARATION OF ZACHARY B. COHEN</u>

2

I, Zachary Cohen, declare as follows:

3      1.      I am an attorney at the law firm of Winston & Strawn LLP and counsel for Non-Party

4   Sun Pharmaceutical Industries, Inc. ("Sun").  I am a member in good standing of the District of

5   Columbia Bar and the Maryland State Bar.  I submit this declaration pursuant to Civ. L. R. 79-5(e) in

6   support of the Administrative Motion to File Under Seal (ECF 262, "Motion") filed by Defendants

7   Bausch Health Companies Inc.; Salix Pharmaceuticals, Ltd.; Salix Pharmaceuticals, Inc.; Santarus,

8   Inc.; Assertio Therapeutics, Inc.; Lupin Pharmaceuticals, Inc.; and Lupin Ltd., on May 27, 2020

9   (collectively, "Defendants").  I have personal knowledge of the facts set forth in this declaration and,

10   if called as a witness, could and would testify competently to such facts under oath.  I incorporate by

11   reference my declaration submitted in this case on February 27, 2020.  ECF 185-5.

12      2.      Sun develops and markets pharmaceutical products sold around the world.  Sun focuses

13   on generic drug products, and as a result, is frequently involved in patent litigation in the United States

14   brought under the Hatch-Waxman Amendments.  *See* 21 U.S.C. § 355.

15      3.      In light of the highly competitive nature of the generic pharmaceutical industry, Sun

16   carefully guards its proprietary information and trade secrets from its competitors.

17      4.      In the Motion, Defendants seek to seal and/or redact documents and information

18   containing Sun's confidential and/or proprietary information.  These include:

19      (1)      BH-GLU00000001-24, Sun's settlement agreement with Depomed, Inc.,

20            resolving earlier patent infringement litigation, *see* No. 3:11-cv-03553-JAP-

21            TJB (D.N.J);

22      (2)      SUN_GLUMETZA_0010546-53, internal email correspondence among Sun

23            employees;

24      (3)      SUN_GLUMETZA_0009967-81, internal email correspondence among Sun

25            employees;

26      (4)      Defendants' Opposition to Direct Purchaser Plaintiffs' Class Certification

27            Motion (ECF 263), p. 6, lines 17-19; and,

28      (5)      Declaration of Bruce Strombom, Ph. D. (ECF 263-21), par. 29 and footnote 16.

5.      All of these materials contain Sun's proprietary and confidential information, the disclosure of which would likely cause significant competitive harm to Sun.  Sun does not publicly disclose the information contained in the above documents in the ordinary course of business, and actively seeks to prevent competitors from gaining access to such information.  To that end, Sun only agreed to produce documents, or otherwise allow the use of its confidential information, in this case because of the protections promised by the Stipulated Protective Order.  *See* ECF 115.

6.      The Settlement Agreement (BH-GLU00000001-24) reflects the resolution of a previous action between Sun and Depomed in the United States District Court for the District of New Jersey, No. 3:11-cv-03553-JAP-TJB.  In reaching the Settlement Agreement, the parties agreed that the terms would remain confidential.  Sun required confidential treatment because the Settlement Agreement contains proprietary and competitively sensitive information about Sun's litigation practices and products.  Disclosure of any portion of the Settlement Agreement would provide Sun's competitors with insight into the kinds of terms that Sun will accept in settlement negotiations.  Moreover, certain terms reveal Sun's expenses associated with Hatch-Waxman litigation, and the contents of its license for an existing generic drug product.

7.      SUN_GLUMETZA_0010546-53 and SUN_GLUMETZA_0009967-81 are two email threads among Sun employees discussing the production of Sun's generic Glumetza® products.  These documents contain proprietary and confidential information about the specifications for and production of Sun's drug products.  The documents further reflect Sun's internal project management processes.  The disclosure of these documents would provide valuable information to Sun's competitors about Sun's products and manufacturing, which would provide those competitors with a significant, unfair, competitive advantage.

8.      Page 6, lines 17-19 of Defendants' Opposition to Direct Purchaser Plaintiffs' Class Certification Motion (ECF 263) and Paragraph 29 of the Strombom Declaration (ECF 263-21) contain Sun's proprietary and confidential information regarding the launch of its generic Glumetza® products.  The information contained could provide Sun's competitors with key insights into Sun's launch behaviors and internal decision-making processes.  The disclosure of the redacted information would provide Sun's competitor's with previously non-public information that could result in a

1  significant, unfair, competitive advantage in the future.

2       9.      Footnote 16 of the Strombom Declaration (ECF 263-21) contains proprietary and
3  confidential information about the production and launch of Sun's generic Glumetza® products. The
4  footnote discloses specific information about manufacturing and testing specifications, and details
5  surrounding Sun's preparations for launch. The disclosure of the redacted information would provide
6  Sun's competitors with previously non-public information that could result in a significant, unfair,
7  competitive advantage in the future

8       10.     Defendants' Motion will protect Sun's sensitive information.

9       I declare under penalty of perjury under the laws of the United States of America that the
10  foregoing is true and correct.

11       Executed on June 1, 2020 in Owings Mills, Md.

12

13                                              Zachary B. Cohen
                                                **Winston & Strawn LLP**
14                                              1901 L Street, NW
                                                Washington, DC 20036
15                                              Tel.  (202) 282-5000
                                                Fax  (202) 282-5100
16                                              zcohen@winston.com

17                                              *Counsel for Non-Party Sun Pharmaceutical*
                                                *Industries, Inc.*
18

19

20

21

22

23

24

25

26

27

28