TODD A. BOOCK (SBN 181933)
TBoock@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

*Attorneys for Non-Party*
Teva Pharmaceuticals USA, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE GLUMETZA ANTITRUST LITIGATION* <br><br> This Document Relates To: <br><br> All Direct Purchaser Actions | Case No. 3:19-cv-05822-WHA <br><br> **DECLARATION OF BRIAN SAVAGE (FOR NON-PARTY TEVA PHARMACEUTICALS USA, INC.) PURSUANT TO NORTHERN DISTRICT LOCAL RULE 79-5(E) IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL [DOCKET NOS. 262 AND 263]** |

I, Brian Savage, Esq., declare as follows:

1. I am General Counsel, U.S. Generics, at non-party Teva Pharmaceuticals USA, Inc. ("Teva"). I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Teva's Declaration Pursuant to Northern District of California Local Rule 79-5(e) In Support of Defendants Bausch Health Companies Inc.'s, Salix Pharmaceuticals, Ltd.'s, Salix Pharmaceuticals, Inc.'s, and Santarus, Inc.'s (collectively, "Defendants") Administrative Motion to File Under Seal Portions of Defendants' Opposition to Direct Purchaser Class Plaintiffs' Motion for Class Certification, Portions of the Declaration of Bruce Strombom, Ph.D., and Exhibits 1-3, 5, 7-11, and 15-19 to the Declaration of Daniel B. Asimow ("Motion"). (Docket Nos. 262 and 263.)

2. In 2016, Teva's parent company acquired certain assets, related to the development and sale of generic drugs, that had formerly belonged to another pharmaceutical company called Actavis, which had previously been known as Watson. In 2012, Watson had filed an ANDA for a generic version of Glumetza. That ANDA is one of the assets Teva acquired from Actavis. For purposes of this declaration, I refer to that ANDA as the "Teva ANDA."

3. Teva received final approval from the FDA for the Teva ANDA in October 2016 and started selling its generic Glumetza product in the United States in May 2017. Although Teva experienced certain regulatory issues that led Teva to temporarily discontinue production and sale of generic Glumetza starting in 2018, Teva resumed making generic Glumetza available for purchase in 2019. Teva competes with other drug companies that also sell generic Glumetza, and it faces potential competition from yet other generic drug companies that may seek to obtain FDA approval for generic Glumetza and sell their own products in competition with Teva.

4. In the course of this litigation, Teva has produced certain documents in response to discovery requests from the parties. Teva produced its documents with a Highly Confidential designation pursuant to the Stipulated Protective Order in this matter. (Docket No. 115.)

5. I understand that, on May 28, 2020, Defendants filed the Motion and related documents referring to certain manufacturing challenges Teva faced with generic Glumetza in the

2016-2017 time frame, and attached certain documents Teva produced on those topics. (Docket Nos. 262 and 263). I further understand that those Teva documents and passages in the motion papers referencing Teva's manufacturing issues were provisionally filed under seal, pursuant to the Motion. Counsel for Defendants informed Teva of the documents and redactions and their contents, to the extent they concern Teva, notifying Teva of its obligation to determine which pieces of information should be kept under seal and to file this declaration pursuant to Local Rule 79-5(e).

6. Teva agrees with Defendants that information stating, without more, that Teva did not launch its generic Glumetza product in October 2016 when it received final approval, and that Teva did not launch its generic Glumetza product until May 2017 due to certain manufacturing challenges, is not confidential and does not need to be kept under seal. On the other hand, any other information about Teva's manufacturing problems involving generic Glumetza, including information about the nature of the problems or the actions Teva considered and/or took to resolve them, should remain under seal. This is confidential and proprietary business information that contains trade secrets and, if disclosed, could harm Teva's competitive advantage within the marketplace.

7. The generic drug industry is highly competitive, and that competition occurs along several dimensions. One aspect of competition, on any particular generic product, relates to the generic drug company's ability to develop a drug product formation, and a manufacturing process for that product, that meets FDA requirements and the company's internal quality requirements. Developing a robust and compliant formula and manufacturing process is difficult, expensive, and time-consuming. The details of how the brand company formulates and manufactures its brand product are generally confidential, as are the details of how a generic company does so, meaning that each would-be competitor must develop its own compliant product and processes on its own. With complex products, such as Glumetza, many would-be competitors may never be able to do so. Indeed, I understand from the FDA website that only four ANDAs have been approved for generic Glumetza, which is a comparatively low figure; many products tend to have more approved ANDAs.

8. Teva carefully protects the confidentiality of its drug formulations and manufacturing processes for several reasons, including to prevent our actual or potential competitors from using our confidential and propriety know-how to develop their own products and processes to use in competition against us. Teva would suffer substantial, potentially irreparable harm if information about its confidential and propriety product formulation or manufacturing processes for its generic Glumetza product, including the actions Teva considered and/or took to resolve manufacturing challenges, were to become public.

9. Applying those principles here:

   a. Teva agrees that the document Bates-stamped Teva_Glumetza_00270, filed as Exhibit 19 to the Declaration Daniel B. Asimow (Docket No. 263-1), does not need to sealed, as it simply refers to the existence of manufacturing problems.

   b. Teva agrees that the portions of Paragraph 29 of the Declaration of Bruce Strombom, Ph.D. (Docket No. 263-21), does not need to be sealed, as they simply refer to the existence of manufacturing problems.

   c. Teva agrees that the sentence redacted on Page 6 of Defendants' Opposition (Docket No. 263), does not need to be sealed, to the extent it refers to Teva, as it simply refers to the existence of manufacturing problems.

   d. Teva maintains that the document Bates stamped Teva_Glumetza_00170, filed as Exhibit 18 to the Declaration Daniel B. Asimow (Docket No. 263-1), should remain sealed, as it discusses confidential and proprietary information and trade secrets about the nature of Teva's manufacturing problems and actions Teva took to resolve them. Public disclosure of this information would allow Teva's competitors to use this information to their competitive advantage and would cause Teva significant commercial and competitive harm.

   e. Teva maintains that Footnote 16 of the Declaration of Bruce Strombom, Ph.D. (Docket No. 263-21), as well as the Teva documents cited therein, should remain sealed, at they discuss confidential information about the nature of Teva's manufacturing problems and actions Teva took to resolve them. Public

3

disclosure of this information would allow Teva's competitors to use this information to their competitive advantage and would cause Teva significant commercial and competitive harm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 2nd day of June, 2020 in Mountain Lakes, New Jersey

/s/ Brian Savage
Brian Savage

**ATTESTATION**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

                                            */s/ Todd A. Boock*
                                              Todd A. Boock

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on June 2, 2020. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of June 2020.

　　　　　　　　　　　　　　　　　　　　*/s/ Todd Boock*
　　　　　　　　　　　　　　　　　　　　TODD BOOCK