1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GLUMETZA ANTITRUST
LITIGATION.

This Document Relates to:

HUMANA ACTION.

No.  C 19-05822 WHA
No.  C 19-06138 WHA
No.  C 19-06839 WHA
No.  C 19-07843 WHA
No.  C 19-08155 WHA
No.  C 20-01198 WHA
No.  C 20-05251 WHA

(Consolidated)

**ORDER RE MOTION
TO AMEND HUMANA
COMPLAINT**

## INTRODUCTION

Plaintiff seeks leave to amend its complaint following dismissal for lack of standing.  The time to amend has passed and plaintiff possessed both the law and facts necessary to plead to Article III's satisfaction long ago.  Good cause lacking, the motion is **DENIED**.

## STATEMENT

Prior orders detailed this antitrust challenge to the marketing of brand and generic versions of the prevalent diabetes drug Glumetza.  336 F.R.D. 468 (N.D. Cal. 2020).  Eleven months into this suit, months into discovery, and on the eve of class certification, Humana Inc. sought to join in the bonanza, that is, to intervene with its own suit.  No one has doubted that Humana may opt out of the federal direct-purchaser class and proceed independently to summary judgment along with our other plaintiffs.  Instead, the parties have disputed the propriety, timeliness, and adequacy of the 137 state-law claims that Humana sought to resurrect.  Following amendment after defendants' first motion to dismiss, a December 5 order

United States District Court
Northern District of California

dismissed the second complaint for lack of standing.  The order concluded that "[g]iven Humana has enjoyed several months' notice of the law of standing in this case (Dkt. No. 188), such amendment will be governed by Rule 16's good cause standard" (Dkt. No. 416).

Humana now moves for leave to file a second amended complaint with more detailed allegations supporting standing to assert the state claims.  Defendants oppose.  This order follows full briefing and oral argument (held telephonically due to COVID-19).

**ANALYSIS**

Federal Rule of Civil Procedure 15(a) dictates that leave to amend shall be freely given "when justice so requires."  Absent (1) undue delay; (2) bad faith; (3) repeated failure to cure deficiencies; (4) undue prejudice; or (5) futility, leave should be granted.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  But the time to freely reshape this case has long passed.

The first of these cases arrived August 29, 2019 (No. C 19-05426 WHA).  We consolidated the numerous actions on December 16 (Dkt. No. 68) and set a case schedule on December 19 (Dkt. No. 71).  An order dated March 5, 2020, denied in important part defendants' motions to dismiss, dismissed most state-law claims for lack of standing, and gave notice that the pleadings would be settled quickly (Dkt. No. 188).  Indeed, a February 25 order relating several new cases made clear "the burden is on the new additions to get up to speed — this case will not wait for them to catch up" (Dkt. No. 183).  Our end-purchaser plaintiffs all dismissed by April 7 and direct-purchaser plaintiffs moved to certify their class on April 29 (Dkt. No. 247).  We held oral argument on August 6.

*Only on July 30* did Humana file its complaint, opting to pursue its federal claims independent of the then-putative direct-purchaser class, but also seeking to reassert 137 long-dormant state-law claims (No. C 20-05251 WHA).  An August 15 order certified the direct-purchaser class (Dkt. No. 347), making crystal clear that this case had passed the pleading stage.  Indeed, the August 26 scheduling order designed to bring Humana up to speed did not even conceive of further rounds of amendment, setting instead expedited discovery so that Humana might join the fast-approaching *Daubert* and summary judgment motions (Dkt. No. 352).

2

United States District Court
Northern District of California

1    Humana contends that it has never been subject to a deadline to amend the pleadings.

2    This ignores our circumstances.  Humana waited to see which way the winds were blowing

3    before joining at the cusp of class certification.  To be sure, it had every right to opt out of the

4    direct-purchaser class and appear alongside the other plaintiffs to pursue its federal-antitrust

5    claims here.  *See Phillips Petro. Co. v. Shutts*, 472 U.S. 797, 812 (1985).  But the sophisticated

6    and capable entity does not, and surely could not, seriously argue that it did not know about

7    this case from the beginning.  By arriving late and seeking to resuscitate the 137 state-law

8    claims which had failed nearly six months earlier, Humana realistically sought to modify the

9    case and pleading schedule already laid down.  Rule 16(b)(4) permits modification of our

10   schedule "only for good cause," and our "central inquiry" is whether Humana diligently

11   pursued the present amendments.  *DRK Photo v. McGraw-Hill Glob. Ed. Holds.,* 870 F.3d 978,

12   989 (9th Cir. 2017).  It did not.

13       The December 5 order dismissed Humana's state-law claims for lack of standing because

14   the complaint failed to locate its Glumetza purchases in each of the states whose laws it

15   invoked.  Humana's current complaint appears to have corrected that deficiency, though this

16   order does not so hold.  Assuming Article III has now been satisfied, though, the problem

17   Humana faces is that the new allegations appear to be information within Humana's control

18   since the beginning.  Notably, Humana admits that its expert-economics report served on

19   September 16, *the same day Humana first amended its complaint*, detailed its direct and

20   indirect purchases of both brand and generic Glumetza across the nation by date, pharmacy,

21   state, price, and Humana member (Dkt. No. 423 at 4; 366).

22       If Humana *could* have pled the facts establishing state-by-state standing earlier, then the

23   issue of its diligence distills to a single question: whether Humana *should* have known to plead

24   such facts earlier.  This order holds that Humana should have.

25       The December 5 order found that the amended complaint did not locate purchases of

26   Glumetza in each state whose law Humana invoked because it only articulated one mechanism

27   by which Humana purchased Glumetza, the in-house pharmacy, HPI.  But the complaint

28   located neither HPI nor the sources of its purchases.  So, though the complaint alleged that

Glumetza made its way to Humana members in each of the relevant states, it nonetheless failed to locate the point of sale, and thus failed to allege an injury arising under the jurisdictions of the various states.

The March 5 order addressed the same basic issue, explaining that:

> Article III's "irreducible constitutional minimum of standing" to sue requires a plaintiff to have suffered: (1) an injury-in-fact; (2) that is fairly traceable to the defendant's conduct; and (3) is redressable by a favorable court decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "[A] plaintiff must demonstrate standing for each claim he seeks to press" and "separately for each form of relief sought." Just because a suit "derive[s] from a common nucleus of operative fact" does not mean "federal jurisdiction extends to all claims sufficiently related to a claim within Article III to be part of the same case." *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351–52 (2006).
>
> At bottom, "the injury a plaintiff suffers defines the scope of the controversy he or she is entitled to litigate." *Melendres v. Arpaio*, 784 F.3d 1254, 1261 (9th Cir. 2015). Here, the injury alleged is the overcharge at each purchase of Glumetza. So, *the scope of standing is limited to the locations of the purchases*. Though it appears clear end-purchaser plaintiffs purchased Glumetza in their states of residence, there are no allegations that they suffered overcharges anywhere else. Claims for relief under the laws of the several states are *separate* claims for relief and, per *DaimlerChrysler*, require separate proof of standing. "Standing does not arise simply because illegality is in the air." *In re Capacitors Antitrust Litigation*, 154 F. Supp. 3d 918, 927 (N.D. Cal. 2015) (Judge James Donato). *End-purchaser plaintiffs did not purchase, lack injury, and therefore lack standing in states other than California, New York, and Rhode Island*.

(Dkt. No. 188 at 16–17) (record citations omitted) (emphasis added). The December 5 order relied on no more law than this to echo that "[t]he March 5 order made clear that indirect-purchaser antitrust claims require both a plaintiff and her purchase in each state whose law is invoked" (Dkt. No. 416).

Humana contends that the December 5 order's observation that "[a] plaintiff cannot purchase a product in one state, walk across the border to another, and exchange the product and money from her right hand to her left hand and claim fresh injury to concoct standing" marked a material step beyond the March 5 order. Not so. The statement recognized a trivial premise, that collusion does not manufacture a controversy, and that one does not purchase a good anew when it distributes to itself. The basis for the application of that premise remained

4

that of the March 5 order, that standing under the law of a state arises from the sale of Glumetza in or from that state.

Humana also argues that it needn't have anticipated any Article III complications here because defendants never raised the particular issue on which the December 5 order turned. Standing began as and remains *Humana's* irreducible burden, regardless of challenge by others, and must be addressed even *sua sponte* by the Court. Defendants' silence does not remedy Humana's failure.

In sum, Humana lacks good cause to amend its complaint with facts establishing Article III standing for its state-law claims. It came late of its own accord after waiting to see how the case would progress. It had the necessary law. And, it had the relevant information. It simply chose not to allege those facts. This lack of good cause is a mess of Humana's own making.

## CONCLUSION

This order rejects Humana's attempt to resurrect 137 long-dormant state-law claims. We will not reopen that can of worms. The motion to amend is DENIED. No part of this order questions Humana's right to opt out of and proceed alongside the federal direct-purchaser class. Nevertheless, to clarify matters going forward, Humana shall indicate in writing whether it intends to proceed as an opt-out plaintiff, or whether it intends to recede back into the direct-purchaser class (assuming no objections) by FEBRUARY 8.

**IT IS SO ORDERED.**

Dated: February 2, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California

5