UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re | | No. C 19-05822 WHA |
|---|---|---|
| | GLUMETZA ANTITRUST LITIGATION. | No. C 19-05831 WHA |
| | | No. C 19-06138 WHA |
| | | No. C 19-06156 WHA |
| | | No. C 19-06839 WHA |
| This Document Relates to: | | No. C 19-07843 WHA |
| | ALL ACTIONS. | (Consolidated) |
| | | **OMNIBUS ORDER RE MOTIONS TO SEAL** |

A previous order adopted the parties' stipulation to file omnibus motions that collected the numerous individual sealing motions the parties filed in conjunction with their summary judgment briefing and the corresponding *Daubert* motions (Dkt. No. 405). This order resolves those omnibus motions and all other pending motions to seal.

1.     THE LEGAL STANDARD.

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The compelling reasons standard applies to most judicial records. Evidentiary motions such as motions *in*

*limine* and *Daubert* motions can be strongly correlative to the merits of a case. *Id.* at 1098–99. In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.* "Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (Judge William Alsup) (citing Civ. L.R. 79-5).

This order understands the parties' omnibus motions, Dkt. Nos. 511, 512, and 513, to cover the following filings: Dkt. Nos. 425, 440, 463, 469, 470, 472, 477, 483, 486, 491, 493, and 502. These filings, with one exception, address the parties' summary judgment briefing and the corresponding *Daubert* motions. The summary judgment order did not address the parties' *Daubert* motions, which a later order decided closer to the scheduled trial date. The movants acknowledge the compelling reasons standard applies to these filings.

### 2. THE DIRECT PURCHASER CLASS'S OMNIBUS MOTION TO SEAL.

Upon review of the direct purchaser class's omnibus motion to seal and accompanying declaration, Dkt. No. 511-1, this order finds the class has made the requisite showing to seal certain portions of the submitted documents. The proposed redactions are narrowly tailored. This order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 425-2 | Exh. A to Class Counsel's Submission of a Unified List of Direct Glumetza Purchasers | GRANTED as to highlighted portions. | This document, not associated with either the summary judgment briefing or *Daubert* motions, contains confidential and competitively sensitive pricing data, the public disclosure of which would |

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| | | | cause class members competitive harm (*see* Vanek Decl. ¶¶ 5–9). |
| 502-2 | Exh. 5 to Reply in Further Support of Motion for Partial Summary Judgment on Market Power | GRANTED as to highlighted portions. | Contains raw, confidential pricing data that is proprietary to non-party IQVIA, the public disclosure of which would cause IQVIA competitive harm (*see* Vanek Decl. ¶¶ 10–13). |

### 3.    HUMANA'S OMNIBUS MOTION TO SEAL.

Upon review of Humana's omnibus motion to seal and accompanying declaration, Dkt. No. 512, this order finds Humana has made the requisite showing to seal certain portions of the submitted documents.  The proposed redactions are narrowly tailored.  This order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 440-22; 445-1 | Expert Report of Dr. Rena Conti | GRANTED as to highlighted portions. | Contains specific and confidential information concerning rebates Humana received for Glumetza. Public disclosure of this information could cause Humana competitive harm in future negotiations regarding rebates with drug manufacturers (*see* Stein Decl. ¶¶ 3-4). |
| 440-23; 445-2 | Rebuttal Report of Dr. Rena Conti | GRANTED as to highlighted portions. | Contains specific and confidential information concerning rebates Humana received for Glumetza. Public disclosure of this information could cause Humana competitive harm in future negotiations regarding rebates with drug manufacturers (*see* Stein Decl. ¶¶ 3-4). |

United States District Court
Northern District of California

**4. DEFENDANTS' AND NON-PARTIES SUN AND TEVA'S OMNIBUS MOTION TO SEAL.**

Upon review of the omnibus motion to seal and accompanying declarations filed jointly by defendants, non-party Sun Pharmaceutical Industries, Inc., and non-party Teva Pharmaceuticals USA, Inc., Dkt. No. 513, this order finds the movants have made the requisite showing to seal certain documents (and portions thereof) filed in conjunction with the parties' summary judgment briefing and the corresponding *Daubert* motions.  The proposed redactions are narrowly tailored.  This order notes that the direct purchaser plaintiffs oppose some of the proposed redactions, arguing that several of the requests are not tailored to the relevant standard, and that the justifications for other requests remain too opaque to justify sealing (Opp. 1–2, Dkt. No. 526).  Defendants, Sun, and Teva generally respond:  (1) that the contested sealing requests protect the interest of third-parties; (2) that the sealing requests apply to only a few, narrow categories of information and are not boilerplate justifications; and (3) that the direct purchaser plaintiffs arguments are vague, do not specify any particular documents, and do no oppose the motion generally (Reply Br., Dkt. No. 529).  This order rules as follows:

| Dkt. No. | Document to be Sealed (and Requesting Party) | Result | Reasoning |
|---|---|---|---|
| 440-11; 445-9; 488-5 | 8/21/2020 Tucker Report (Bausch, Sun, Teva) | GRANTED as to ¶ 118 n.6. Otherwise DENIED. | The material found in ¶ 118 n.6 contains confidential, internal communications of non-party Sun that address Sun's manufacturing capabilities, the public disclosure of which could harm Sun competitively (Klein Decl. ¶ 59).  The rest of the proposed redactions contain material related to the core issues in this action and have a heavy presumption of public visibility.  These issues, in fact, were discussed in the order denying summary judgment (*see* Dkt. No. 537 at 26).  The movants' justifications do not adequately explain how or why competitive harm would arise if this particular information were disclosed. |

| | | | |
|---|---|---|---|
| 440-12; 474-2; 475-12 | 8/21/20 Strombom Report (Sun, Teva) | GRANTED as to ¶ 37 n.21; ¶ 71 n.64. Otherwise DENIED. | The material found in ¶ 37 n.21 and ¶ 71 n.64 contains confidential, internal communications of non-parties Sun and Teva that address their manufacturing capabilities, the public disclosure of which could harm Sun and Teva competitively (*see* Klein Decl. ¶ 15; Savage ¶ 12).  For the other material, Sun and Teva's justifications contains do not explain how or why the generalized, nonspecific information would now cause them competitive harm.  The movants thus fail to justify sealing those portions of the document. |
| 440-13; 472-2 | 8/21/20 Philipson Report (Lupin) | GRANTED as to highlighted portions. | Contains specific terms of Lupin's Master Distribution Services Agreement, which reveals confidential and sensitive information regarding how Lupin operates its business relationships and particular pricing information, the public disclosure of which would harm Lupin competitively (*see* Gensburger Decl. ¶ 5). |
| 440-14 | 11/24/20 Errata to Philipson Report (Lupin) | GRANTED as to highlighted portions. | *See entry for Dkt. No. 440-13.* |
| 440-16; 463-5; 473-2; 492-2 | 8/21/2020 Jena Report (Bausch, Sun, Teva) | GRANTED as to highlighted portions. | Contains Bausch and its customers' confidential, sensitive business information, including pricing arrangements such as rebate figures (or information that can be used to calculate rebate figures), the public disclosure of which would cause Bausch and non-parties like Sun and Teva competitive harm (Rush Decl. ¶ 7). |

United States District Court
Northern District of California

| 440-18; 447-3; 466-57; 475-14; 485-3 | 10/21/20 Strombom Report (Bausch, Sun, Teva) | GRANTED in part and DENIED in part. | GRANTED as to highlighted portions of: ¶ 29 after "before and after the approval"; ¶ 29 nn.18–21; ¶ 30 n.22 (ll. 10–15); ¶ 43; ¶ 69 n.93; Exhs. 4a–4b.  These portions contain confidential and sensitive business information, including information from non-parties, the public disclosure of which would cause the movants competitive harm (*see* Rush Decl. ¶ 6; Klein Decl. ¶ 15; Savage Decl. ¶ 12).  For the other material, the movants' justifications do not explain how or why the generalized, nonspecific information would now cause them competitive harm.  The movants thus fail to justify sealing those portions of the document. |
|---|---|---|---|
| 440-19; 445-8; 464-36; 488-10; 493-46 | 7/24/20 McGuire Report (Bausch, Lupin, Sun, Teva) | GRANTED as to highlighted portions. | Contains confidential, sensitive business information, including pricing forecasts and contract terms, which would cause defendants and non-parties competitive harm if publicly disclosed (*see* Rush Decl. ¶¶ 6, 8; Gensburger Decl. ¶ 5; Klein Decl. ¶ 11; Savage ¶ 11). |
| 440-20; 445-5; 466-59; 478-3; 487-14; 488-12; 489-3; 493-52 | 7/24/20 Lentz Report (Sun) | GRANTED as to highlighted portions. | Contains confidential and proprietary details about the specifications and formulation of non-party Sun's products, public disclosure of which would cause Sun competitive harm (*see* Klein Decl. ¶ 9). |
| 440-21; 445-3; 447-8; 463-8; 474-4; 487-2; 493-54 | 7/24/20 Leffler Report (Bausch, Sun) | GRANTED as to highlighted portion. | Contains confidential details regarding non-party Sun's negotiations with Assertio over patent licensing, the public disclosure of which would cause Sun competitive harm (*see* Klein Decl. ¶ 7; Rush Decl. ¶ 6). |
| 440-22; 447-1; 485-2 | 9/16/20 Conti Report (Bausch) | GRANTED as to highlighted portions. | Contains Bausch and its customers' confidential, sensitive business information, including pricing arrangements such as rebate figures (or information that can be used to calculate rebate figures), the public disclosure of which would cause |

| | | | |
|---|---|---|---|
| | | | Bausch competitive harm (Rush Decl. ¶ 7). |
| 440-23; 447-2 | 11/11/20 Conti Rebuttal Report (Bausch) | GRANTED as to highlighted portions. | *See entry for Dkt. No. 440-22.* |
| 445-4; 486-2; 487-3; 493-55 | 9/11/2020 Leffler Rebuttal Report (Bausch) | DENIED. | Bausch first seeks to seal portions of the document describing the Depomed-Santarus commercialization agreement on the ground that public disclosure of the terms would cause it competitive harm (Rush Decl. ¶ 5).  But the terms Bausch seeks to seal here are closely related to the central issues in this litigation.  Bausch's generic explanation of harm does not justify sealing in this instance due to the very strong presumption of public visibility as to these facts.  Bausch also seeks to seal pricing information due to possible competitive harm (Rush Decl. ¶ 7).  But here, the information is closely intertwined with the Valeant price hike, which is another core issue in our case with a strong presumption of public visibility.  Bausch's justification is generic and does not, without more, outweigh the public policy favoring disclosure. |
| 445-6; 489-4; 493-53 | 9/11/2020 Lentz Reply (Sun) | DENIED as to ¶ 17, ll. 4–5. GRANTED as to ¶ 17 n.9, ¶ 34 n.22. | The portions of the Lentz report this order seals contain proprietary and confidential information about the specifications and formulation of non-party Sun's products, the public disclosure of which would cause it competitive harm (Klein Decl. ¶ 10). The portions of the Lentz report that this order does not seal contains information that does not relate to Sun's products, so Sun has not justified sealing of that material. |
| 445-7 | 6/24/20 McGuire Report (Bausch, Lupin, Sun, Teva) | DENIED as to ¶ 117. GRANTED as to other highlighted | Paragraph 117 concerns a core aspect of this action, and Lupin has merely provided the boilerplate explanation that the paragraph contains "competitively sensitive information |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | portions. | relating to . . . internal revenue forecasting" (Gensburger Decl. ¶ 4). In addition, the forecast at issue is from 2012, and Lupin has not adequately explained how disclosure of this stale information could cause it competitive harm. The other material this order does seal contains confidential information related to specific details of contracts with non-parties Watson and Sun, disclosure of which would cause them competitive harm (Klein Decl. ¶ 12; Savage Decl. ¶ 11). |
| 445-39; 465-13; 466-53; 485-10; 487-19 | 8/21/2020 Byrn Report (Sun) | DENIED as to ¶ 16. GRANTED as to other highlighted portions. | For paragraph 16, Sun's stated justifications do not explain how or why the generalized, nonspecific information regarding Sun's production processes would now cause Sun competitive harm (Klein Decl. ¶ 14). Sun hence fails to justify sealing the material. However, the other highlighted material this order seals does contain specific confidential information related to Sun's processes, the public disclosure of which would cause Sun competitive harm. |
| 445-40; 447-9; 474-6; 485-19 | 7/24/20 Leitzinger Report (Bausch) | GRANTED as to highlighted portions. | Contains confidential information relating to Bausch's pricing arrangements with specific customers, including competitively sensitive rebate figures that factor into net pricing paid, the public disclosure of which would cause Bausch competitive harm (Rush Decl. ¶ 7). |
| 463-6 | 7/24/20 Starr Report (Bausch, Sun) | DENIED as to ¶ 35. GRANTED as to other highlighted portions. | Paragraph 35 contains information regarding core issues in this action that carry a heavy presumption of public visibility. Those issues, in fact, were discussed in the order denying summary judgment (*see* Dkt. No. 537 at 7). In addition, Sun's boilerplate justification that the material concerns confidential settlement terms does not adequately explain how disclosure of this |

| | | | material would now cause Sun harm (*see* Klein Decl. ¶ 61).  The other highlighted portions of the document contain nonpublic confidential information regarding contract terms and rebate information (including material from Sun), the public disclosure of which would cause Sun and Bausch competitive harm (*see ibid.*; Rush Decl. ¶ 7). |
|---|---|---|---|
| 477-6; 493-47 | 9/11/20 McGuire Rebuttal Report (Bausch, Sun) | DENIED. | Sun states public disclosure of paragraph 33 would reveal information about Sun's manufacturing capabilities (Klein Decl. ¶ 66).  But Sun's boilerplate justification does not explain how or why the generalized, nonspecific information in this paragraph would cause it competitive harm.  Next, Bausch seeks to seal portions of the document describing the Depomed-Santarus commercialization agreement on the ground that public disclosure of the confidential terms would cause Bausch competitive harm (Rush Decl. ¶ 5).  But the terms Bausch seeks to seal here are closely related to the central issues in this action.  Bausch's generic explanation of harm does not justify sealing in this instance due to the strong presumption of public visibility for this material. |
| 466-60; 493-45 | 7/23/20 Korsmeyer Report (Sun) | GRANTED as to highlighted portions. | Contains detailed confidential information related to non-party Sun's formulation and manufacturing of its products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 22). |
| 469-11; 487-16; 493-51 | 9/11/20 Jaskot Rebuttal Report (Sun) | DENIED as to ¶¶ 8, 9, 10, 18, 21. GRANTED as to other highlighted portions. | The portions of the Jaskot report this order seals contains confidential details regarding the specifications, manufacture, and formulation of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 20).  For paragraphs 8, 9, 10, 18, and 21, Sun's boilerplate justification does |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | not explain how or why the generalized, nonspecific information would cause Sun competitive harm. |
| 475-10 | 5/27/20 Strombom Decalration (Sun, Teva) | GRANTED as to highlighted portions. | Contains confidential information regarding details of non-parties Sun and Teva's manufacturing processes and internal decision making, the public disclosure of which would cause Sun and Teva competitive harm (Klein Decl. ¶ 17; Savage Decl. ¶ 12). |
| 474-14; 493-50 | 7/24/20 Jaskot Report (Sun) | GRANTED as to ¶ 78. DENIED as to other highlighted portions. | Paragraph 78 contains confidential information regarding details of non-party Sun's manufacturing capabilities and processes, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 68). The other highlighted portions contain no specifics regarding Sun's production processes, and Sun does not explain how or why disclosure of this generalized information would cause it harm.  Sun's further justification that the material addresses its regulatory affairs is boilerplate, and, without more of an explanation, does not justify sealing the material. |
| 493-42 | 4/29/20 Leitzinger Decl. (Bausch, Lupin) | GRANTED as to ¶ 53 Fig. 1. DENIED as to ¶ 38. | Figure 1 contains Bausch's confidential pricing information for specific customers, including details on rebates, the public disclosure of which would cause Bausch competitive harm (Rush Decl. ¶ 7). Next, Lupin seeks to seal material related to its revenue forecasting for generic Glumetza but it provides only a boilerplate justification to seal this information at the heart of this litigation.  This material carries a heavy presumption of public visibility.  In fact, these issues were considered in the order denying summary judgment (Dkt. No. 537). Lupin has not justified sealing here. |
| 493-43 | 6/24/20 Leitzinger Rebuttal Declaration (Bausch). | GRANTED as to highlighted | Contains confidential, non-public rebate information for particular Bausch customers, the public |

|  |  |  | portions. | disclosure of which would cause Bausch and other non-parties competitive harm (Rush Decl. ¶ 7). Due, in part, to the particularly narrow tailoring of the material Bausch has justified sealing here. |
|---|---|---|---|---|
| 493-49 | 7/24/20 Williams Report (Sun) | DENIED. | | Sun says that the highlighted material contains nonpublic information regarding its regulatory affairs (Klein Decl. ¶ 67).  But Sun's boilerplate justification does not explain how or why public disclosure of these nonspecific, generalized statements would now cause Sun competitive harm.  Without more, Sun has not justified sealing this material. |
| 493-5 | Tucker deposition Transcript (Sun) | DENIED. | | Non-party Sun says the highlighted material concerns confidential information regarding its manufacturing capabilities and that public disclosure would cause it competitive harm (Klein Decl. ¶ 59). But Sun's boilerplate justification does not explain how or why public disclosure of these nonspecific, generalized statements would result in competitive harm to Sun.  This information also goes to the heart of this action and was discussed in the order denying summary judgment (Dkt. No. 537), so there is a strong presumption of public visibility. Without more, Sun has not justified sealing this material. |
| 440-3 | Motion to Exclude Philipson Opinions (Lupin) | DENIED. | | Lupin seeks to seal information related to the Philipson report, but provides only the boilerplate justification that the material concerns how Lupin operates its relationships with customers and drafts its agreements (Gensburger Decl. ¶ 5).  This particular material goes to a core issue in this action, so there is a strong presumption of public visibility.  Without more, Lupin has not justified sealing this material. |

| 440-5 | Plaintiffs' Motion to Exclude Tucker Opinions (Sun) | DENIED. | Non-party Sun seeks to seal information related to "the formulation of Sun's products" (Klein Decl. ¶ 60). But the highlighted material does not contain any details regarding the formulation of Sun's products, and Sun has not adequately explained how or why public disclosure of these nonspecific, generalized statements would cause it competitive harm. |
|---|---|---|---|
| 440-15 | Master Distribution Services Agreement between Lupin and Amerisource (Lupin, Amerisource) | GRANTED. | Contains confidential material including specific, non-standard terms and associated fees that arose from extended negotiations, the public disclosure of which could cause Lupin and non-party Amerisource competitive harm (Burkett Decl.; Gensburger Decl. ¶ 5). |
| 440-24 | Tucker Deposition Transcript (Sun) | DENIED. | *See entry for Dkt. No. 493-5.* |
| 442 | Defendants' Motion to Exclude Lentz Opinions (Bausch, Sun, Teva) | GRANTED as to highlighted portions. | Contains confidential material regarding non-parties Sun and Teva's negotiations and deliberations with Bausch over patent licensing, the public disclosure of which could cause them competitive harm (Klein Decl. ¶ 6; Savage Decl. ¶ 11; Rush Decl. ¶ 6). |
| 443 | Defendants' Motion to Exclude Leffler Opinions (Sun) | GRANTED as to p. 16 l. 4 and n.11 l. 5. DENIED as to p. 16 l. 3 and n.11 l. 4. | The material this order seals contains specific, confidential information regarding non-party Sun's manufacturing and product development, the public disclosure of which could cause it competitive harm (Klein Decl. ¶ 8). The other material Sun seeks to seal is generalized and nonspecific, and Sun has not adequately explained how or why disclosure would cause it competitive harm. |
| 445-29 | Settlement and License Agreement between Depomed and Sun (Bausch, Sun) | GRANTED. | Contains confidential and sensitive information about Sun's litigation practices and products as well as Sun's expenses associated with Hatch-Waxman litigation and the contents of Sun's license for an |

| | | | |
|---|---|---|---|
| | | | existing generic drug product, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 25; Rush Decl. ¶ 6). |
| 445-30 | Settlement and License Agreement Between Depomed and Watson (Bausch, Teva) | GRANTED. | Contains confidential, sensitive information about non-party Teva's litigation practices and products, the public disclosure of which would cause Teva competitive harm (Savage Decl. ¶ 11; Rush Decl. ¶ 6). |
| 445-37 | SUN_GLUMETZA_ 0009986 (Sun) | DENIED. | Sun states public disclosure of this email thread would disclose information about Sun's internal processes (Klein Decl. ¶ 26).  But Sun has only proffered a boilerplate justification that does not explain how or why disclosure of this generalized, nonspecific information would cause it competitive harm. |
| 445-38 | SUN_GLUMETZA-009989 (Sun) | GRANTED. | Contains confidential and specific information regarding non-party Sun's internal production processes, the public disclosure of which could cause Sun competitive harm (Klein Decl. ¶ 27). |
| 463-4 | BH-GLU00846857, BH-GLU00846879 (Bausch) | DENIED. | Bausch seeks to seal financial forecasts from 2013 for several products including brand and generic Glumetza during the relevant period of our litigation (*See* Rush Decl. ¶ 8). Bausch provides only a boilerplate explanation that does not clarify how or why public disclosure of Santarus's internal forecasting from 2013 would now cause Santarus competitive harm.  Given that this material concerns a core issue in our case that carries a strong presumption of public visibility, Bausch has not justified sealing this material. |
| 464-3 | Promotion Agreement between Depomed and Santarus (Assertio) | GRANTED in part and DENIED in part. | Assertio contends the highlighted provisions of the Depomed-Santarus promotion agreement contain confidential material that provides insight into how Assertio structures its business and licensing arrangements (Schlessinger Decl. ¶¶ 5–10).  This order DENIES the |

United States District Court
Northern District of California

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | request as to the following provisions that are closely related to the central issues in this action:  pp. 32–33 (Sections 7.1, 7.2); p. 35 (Section 7.5); p. 49 (Section 15.1).  Assertio's generic explanation of harm does not justify sealing those terms, especially because of the strong presumption of public visibility for that material. Nevertheless, this order will grant Assertio's request to seal the other highlighted provisions that are less related to the heart of this matter that provide insight into how Assertio structures its business relationships and agreements, the public disclosure of which could cause Bausch competitive harm. |
| 464-4 | Commercialization Agreement Between Depomed and Santarus (Bausch) | GRANTED in part and DENIED in part. | Bausch contends that the highlighted provisions of the Depomed-Santarus commercialization agreement contain confidential terms (Rush Decl. ¶ 5). This order DENIES the request as to the following provisions that are closely related to the central issues in this action:  p. 40 (Section 7.2(c)); p. 47 (Section 9.2); Schedule 7.2; Schedule 7.3(b); Schedule 11.1(m). Bausch's generic explanation of harm does not justify sealing those terms, especially because of the strong presumption of public visibility for that material.  Nevertheless, this order will grant Bausch's request to seal the other highlighted provisions that are less related to the heart of this matter that provide insight into how Bausch structures its business relationships and agreements, the public disclosure of which could cause Bausch competitive harm. |
| 464-6 | Royalty Purchase and Sale Agreement between Depomed and PDL Biopharma (Assertio) | GRANTED as to highlighted portions. | The highlighted provisions contain confidential information that provides insight into how Assertio structures its business and licensing arrangements, the public disclosure of which could cause Assertio competitive harm (Schlessinger Decl. |

| | | | ¶¶ 5–10).  Due, in part, to the particularly narrow tailoring of the material Assertio seeks to seal, Assertio has justified sealing this information. |
|---|---|---|---|
| 464-48 | Amendment No. 1 to Royalty Purchase and Sale Agreement and Bill of Sale (Assertio) | GRANTED. | This agreement (which is still in effect) contains confidential provisions that provide insight into how Assertio structures its business and licensing arrangements, the public disclosure of which could cause Assertio competitive harm (Schlessinger Decl. ¶¶ 5–10). |
| 466 | Defendants' Motion for Summary Judgment (Sun, Teva) | GRANTED as to material on p. 19 between "Watson experienced" and "production issues." Otherwise DENIED. | The material this order seals contains confidential, non-public information regarding non-parties Sun and Teva's manufacturing processes, the public disclosure of which may cause them competitive harm (Klein Decl. ¶ 21; Savage Decl. ¶ 12).  Sun and Teva's justifications do not explain how or why disclosure of the other nonspecific, generalized material they seek to seal would cause them competitive harm.  Without more, Sun and Teva have not justified sealing those portions of the document. |
| 466-13 | Settlement Agreement and Release between Depomed and Bristol-Myers Squibb (Assertio) | GRANTED. | Contains confidential terms and provisions that provides insight into how Assertio structures its business and licensing arrangements, the public disclosure of which could harm Assertio in future competitive situations or business negotiations (Schlessigner Decl. ¶¶ 5–10). |
| 466-14 | License and Services Agreement between Depomed and Doehringer Ingelheim Int'l (Assertio) | GRANTED. | *See entry for Dkt. No. 466-13.* |
| 466-15 | Non-exclusive License Agreement between Depomed and Jannssen (Assertio) | GRANTED. | *See entry for Dkt. No. 466-13.* |

| 466-21 | Non-exclusive License, Covenant Not to Sue and Right of Reference Agreement between Depomed and Merck (Assertio) | GRANTED. | *See entry for Dkt. No. 466-13.* |
|---|---|---|---|
| 466-22 | Deposition Transcript of Teva Rule 30(b)(6) witness (Teva). | GRANTED. | Contains confidential material discussing non-party Teva's manufacturing problems and the actions Teva took to resolve them, the public disclosure of which would cause Teva competitive harm (Savage Decl. ¶ 12). |
| 466-43 | Settlement and License Agreement Between Valeant and Sun (Bausch, Sun). | GRANTED. | Contains the specific, confidential terms and provisions Valeant and non-party Sun used to structure their licensing arrangements and settle their patent litigation, the public disclosure of which could cause them competitive harm (Klein Decl. ¶ 25; Rush Decl. ¶ 6). |
| 466-44 | Settlement and License Agreement Between Valeant and Watson (Bausch, Teva) | GRANTED. | Contains the specific, confidential terms and provisions Valeant and non-party Watson used to structure their licensing arrangements and settle their patent litigation, the public disclosure of which could cause them competitive harm (Rush Decl. ¶ 6; Savage Decl. ¶ 11). |
| 466-46 | Teva_Glumetza00318 (Teva) | GRANTED. | Contains confidential information regarding Teva's manufacturing problems and the actions Teva took to resolve them, the public disclosure of which would cause Teva competitive harm (Savage Decl. ¶ 12). |
| 466-47 | Teva_Glumetza_00277 (Teva) | GRANTED. | Contains confidential information regarding Teva's manufacturing problems and the actions Teva took to resolve them, the public disclosure of which would cause Teva competitive harm (Savage Decl. ¶ 12). |
| 466-48 | SUN_GLUMETZA_0010269 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | | |
|---|---|---|---|
| | | | of which would cause Sun competitive harm (Klein Decl. ¶ 28). |
| 466-51 | SUN_GLUMETZA_ 0009986 (Sun) | DENIED. | *See entry for Dkt. No. 445-37.* |
| 466-52 | SUN_GLUMETZA_ 0009989 (Sun) | GRANTED. | *See entry for Dkt. No. 445-38.* |
| 466-54 | SUN_GLUMETZA_ 0009967 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 31). |
| 466-55 | Teva_Glumetza_001 70 (Teva) | GRANTED. | Contains confidential information regarding Teva's manufacturing problems and actions Teva took to resolve them, the public disclosure of which would cause Teva competitive harm (Savage Decl. ¶ 12). |
| 466-64 | SUN_GLUMETZA_ 0020467 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 32). |
| 466-66 | SUN_GLUMETZA_ 0010037 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 33). |
| 466-67 | Bausch's Third Supp. Objections and Responses to Purchasers First Set of Interrogatories (Sun) | GRANTED as to p. 22 ll. 16–17. Otherwise DENIED. | Sun says the material it seeks to seal in this document contains proprietary and confidential details about the formulation of Sun's products as well as information about Sun's settlement negotiations (Klein Decl. ¶ 23). Sun's request is GRANTED as to page 22, lines 16–17 because the information therein concerns settlement terms, the public disclosure of which could cause Sun competitive harm.  However, the other portions of the document Sun seeks to seal either do not relate to Sun's products or concern actions in other litigation in federal court with a presumption of public visiblity. Without further explanation, Sun has not justified sealing those portions of the document. |

United States District Court
Northern District of California

| 466-73 | SUN_GLUMETZA_ 0010047 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 34). |
|---|---|---|---|
| 466-76 | Assertio's Second Supp. Responses and Objections to Plaintiffs' First Set of Interrogatories (Sun) | GRANTED as to p. 29 ll. 3–5. Otherwise DENIED. | Non-party Sun says the material it seeks to seal in this document contains proprietary and confidential details about the formulation of Sun's products as well as information about Sun's settlement negotiations (Klein Decl. ¶ 24). Sun's request is GRANTED as to page 29, lines 3–5 because that information concerns specific settlement terms, the public disclosure of which could cause Sun competitive harm. However, the other portions of the document Sun seeks to seal either do not relate to Sun's products or concern generic actions taken in other patent litigation in federal court with a presumption of public visibility. Sun has not adequately explained how or why that information could now cause it harm. Without further explanation, Sun has failed to justify sealing those portions of the document. |
| 466-77 | SUN_GLUMETZA_ 0010308 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 35). |
| 466-82 | SUN_GLUMETZA_ 0010308 (Sun) | GRANTED. | *See Entry for Dkt. No. 466-77.* |
| 466-83 | SUN_GLUMETZA_ 0010926 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 37). |
| 466-84 | SUN_GLUMETZA_ 0009956 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 38). |
| 466-85 | SUN_GLUMETZA_ 0009952 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure |

| | | | |
|---|---|---|---|
| | | | of which would cause Sun competitive harm (Klein Decl. ¶ 39). |
| 466-86 | SUN_GLUMETZA_ 0010463 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 40). |
| 466-87 | SUN_GLUMETZA_ 0010731 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 41). |
| 466-88 | SUN_GLUMETZA_ 0009998 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 42). |
| 466-90 | Teva_Glumetza_001 08 (Teva) | GRANTED. | Contains confidential information regarding Teva's manufacturing problems and actions Teva took to resolve them, the public disclosure of which would cause Teva competitive harm (Savage Decl. ¶ 12). |
| 466-93 | SUN_GLUMETZA_ 0010616 (Sun) | DENIED. | Sun states that this internal email reflects Sun's decision making and product launch information (Klein Decl. ¶ 43). But Sun does not explain how public disclosure of product launch information from 2016 would cause it competitive harm now, nor what decision-making is revealed and how its disclosure could cause it competitive harm. Without more, Sun has not justified sealing this material. |
| 466-94 | SUN_GLUMETZA_ 0010546 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 44). |
| 466-95 | SUN_GLUMETZA_ 0010821 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 45). |
| 466-99 | SUN_GLUMETZA_ 0010791 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure |

| | | | |
|---|---|---|---|
| | | | of which would cause Sun competitive harm (Klein Decl. ¶ 46). |
| 469-1 | Retailer Plaintiffs' Opposition to Motion to Exclude Leffler Opinions (Sun) | GRANTED as to p. 19 ll. 12–13. Otherwise DENIED. | The material on page 19, lines 12–13 addresses confidential details of non-party Sun's manufacturing processes and capabilities, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 62). The other material Sun seeks to seal does not concern Sun's manufacturing processes and capabilities, so Sun has not justified sealing those portions of the document. |
| 475 | Defendants' Opposition to Humana's Motion to Exclude Strombom (Sun, Teva) | GRANTED as to p. 8 ll. 5–9, 16–21. Otherwise DENIED. | The material this order seals contains confidential information regarding non-parties Sun and Teva's manufacturing problems and the actions they took to resolve them, the public disclosure of which could cause Sun and Teva competitive harm (Klein Decl. ¶ 16; Savage Decl. ¶ 12).  For the other highlighted material, Sun and Teva's justifications do not address manufacturing problems and thus Sun and Teva have not justified sealing the material. |
| 475-6 | SUN_GLUMETZA_0010791 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 47). |
| 475-7 | Teva_Glumeta_00277 (Teva) | GRANTED. | *See entry for Dkt. No. 466-47.* |
| 475-8 | Teva_Glumetza00318 (Teva) | GRANTED. | *See entry for Dkt. No. 466-46.* |
| 475-9 | SUN_GLUMETZA_009989 (Sun) | GRANTED. | *See entry for Dkt. No. 445-38.* |
| 476-7 | Bausch's Third Supp. Objections and Responses to Purchasers First Set of Interrogatories (Sun) | GRANTED as to p. 22 ll. 16–17. Otherwise DENIED. | *See entry for Dkt. No. 466-67.* |
| 477-1 | Class Plaintiffs' and Humana's Opposition to | DENIED. | Sun states public disclosure of this email thread would reveal sensitive information about Sun's |

20

| | | | manufacturing processes (Klein Decl. ¶ 63). But Sun's boilerplate justification does not explain how or why the generalized, nonspecific information in this document would cause it competitive harm. |
|---|---|---|---|
| | Defendants' Motions to Exclude Testimony of McGuire and Leitzinger (Sun) | | |
| 485 | Defendants' Reply in Support of Their Motion to Exclude Testimony of Conti and Leitzinger (Sun, Teva) | GRANTED as to p. 4 n.6 ll. 10–14. Otherwise DENIED. | Sun and Teva assert that the highlighted portions contain internal discussions and decision making regarding their manufacturing processes and product characteristics, the public disclosure of which would cause them competitive harm (Klein Decl. ¶ 18; Savage Decl. ¶ 12). This order seals page 4 n.6 lines 10–14 on those asserted grounds. For the other highlighted material, Sun and Teva's justifications do not address manufacturing problems and thus Sun and Teva have not justified sealing the material. |
| 485-6 | Teva_Glumetza_00170 (Teva) | GRANTED. | *See entry for Dkt. No. 466-55.* |
| 485-7 | Teva_Glumetza_00277 (Teva) | GRANTED. | *See entry for Dkt. No. 466-47.* |
| 485-8 | Teva_Glumetza00318 (Teva) | GRANTED. | *See entry for Dkt. No. 466-46.* |
| 485-9 | Deposition Transcript of Teva Rule 30(b)(6) witness (Teva). | GRANTED. | *See entry for Dkt. No. 466-22.* |
| 485-11 | SUN_GLUMETZA_0010791 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 49). |
| 485-12 | SUN_GLUMETZA_009986 (Sun) | DENIED. | *See entry for Dkt. No. 445-37.* |
| 485-13 | SUN_GLUMETZA_0010926 (Sun) | GRANTED. | *See entry for Dkt. No. 466-83.* |
| 485-14 | SUN_GLUMETZA_0009956 (Sun) | GRANTED. | *See entry for Dkt. No. 466-84.* |
| 485-15 | SUN_GLUMETZA_0009952 (Sun) | GRANTED. | *See entry for Dkt. No. 466-85.* |
| 485-16 | SUN_GLUMETZA_0009989 (Sun) | GRANTED. | *See entry for Dkt. No. 445-38.* |
| 485-17 | SUN_GLUMETZA_0010731 (Sun) | GRANTED. | *See entry for Dkt. No. 466-87.* |

United States District Court
Northern District of California

| 485-18 | SUN_GLUMETZA_ 0009998 (Sun) | GRANTED. | *See entry for Dkt. No. 466-88.* |
|---|---|---|---|
| 487 | Defendants' Reply In Support of Their Motion to Exclude Leffler (Sun) | GRANTED as to p. 14 l. 14. Otherwise DENIED. | Non-party Sun states this material contains confidential information regarding production of its products, the public disclosure of which would cause it competitive harm (Klein Decl. ¶ 63).  This order seals page 14, line 14 on that basis.  But Sun's justification does not explain how or why the generalized, nonspecific information contained in the other highlighted portions would cause Sun competitive harm and thus does not justify sealing that material. |
| 487-17 | SUN_GLUMETZA_ 0009986 (Sun) | DENIED. | *See entry for Dkt. No. 445-37.* |
| 487-18 | SUN_GLUMETZA_ 0009989 (Sun) | GRANTED. | *See entry for Dkt. No. 445-38.* |
| 491-1 | Plaintiffs' Opposition to Assertio's Motion for Summary Judgment (Assertio, Bausch) | DENIED. | *First*, Assertio seeks to seal material related to its royalty agreement with PDL.  Assertio contends the highlighted material reflects confidential information that provides insight into how Assertio structures its business and licensing arrangements (Schlessinger Decl. ¶¶ 5–10).  *Second*, Bausch seeks to seal portions of the document describing the Depomed-Santarus commercialization agreement on the ground that public disclosure of the confidential terms would cause it competitive harm (Rush Decl. ¶ 5).  But the parties do not sufficiently explain how disclosure of the nonspecific, generalized descriptions of the agreements would cause them harm.  Moreover, the material here goes to the heart of this case, and, in fact, was discussed in the order denying summary judgment (Dkt. No. 537).  There accordingly exists a strong presumption of public visibility here that Assertio and Bausch's requests have not overcome. |

22

| 491-3 (Exh. 2) | PDL-GLU-00014975 (Bausch) | DENIED. | Bausch seeks to seal this document in its entirety, arguing it contains confidential terms "with respect to other agreements settling patent litigations," the public disclosure of which would cause it competitive harm (Rush Decl. ¶ 5).  But the document includes material related to the settlement agreement at the heart of our litigation so there is a strong presumption of public visibility in this instance.  Bausch's request here is generic and overbroad.  Accordingly, Bausch has failed to justify sealing this material. |
| --- | --- | --- | --- |
| 491-3 (Exh. 7) | Settlement and License Agreement between Depomed, Valeant, Santarus, and Watson (Bausch, Teva) | GRANTED. | *See entry for Dkt. No. 445-30.* |
| 493-1 | Purchasers' Opposition to Lupin's Motion for Summary Judgment (Sun) | DENIED. | Non-party Sun says the highlighted portions of this document "contain confidential details of Sun's manufacturing processes, nonpublic settlement negotiations, and internal decision-making," the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 64).  Sun has not justified sealing here.  Sun has not adequately explained why the generalized, nonspecific statements it seeks to seal that involve issues from many years ago would now cause it competitive harm.  In addition, many of the proposed redactions are superfluous and indicate that Sun has not appropriately tailored its request.  Given these deficiencies, the strong presumption of public visibility outweighs Sun's generic claims of competitive harm. |
| 491-13 | BH-GLU00709249 (Bausch) | DENIED. | Bausch says this email chain "contain[s] highly confidential, sensitive business information of Bausch and Bausch's specific customers relating to agreements and |

| | | | pricing arrangements, including competitively sensitive rebate figures (or information that can be used to calculate such rebate figures), which factor into net pricing paid" (Rush Decl. ¶ 7).  This internal, June 2014 email chain discussed the contemporaneous price hike for Gluemetza.  Given the fact that this document concerns the heart of this case, and the resulting strong presumption of public visibility, Bausch's generic justification for sealing fails. |
|---|---|---|---|
| 493-35 | Indemnity Agreement Relating to Settlement Agreement Between Depomed, Valeant, Santarus, and Sun (Bausch) | GRANTED. | Contains confidential terms and provisions of the agreement settling the patent litigation between defendants and non-party Sun, the public disclosure of which could cause the parties to the agreement competitive harm (Rush Decl. ¶ 5). |
| 493-58 | Jaskot Deposition Transcript (Sun) | DENIED. | Non-party Sun states that the highlighted portions of the transcript contain "confidential and proprietary information regarding Sun's manufacturing capabilities and processes" as well as its regulatory affairs, the public disclosure of which could cause it competitive harm (Klein Decl. ¶ 69).  But here Sun seeks to seal large portions of the transcript that have little to any connection to Sun's stated justifications.  For example, Sun seeks to seal Ms. Jaskot's statement that she only listed documents in her report that supported her conclusions (Tr. 237).  Sun also seeks to seal Ms. Jaskot's opinions about situations in the but-for world Sun would have faced without the Lupin settlement without sufficiently explaining how these hypotheticals and general observations could now cause Sun competitive harm (*e.g. id.* at 159–61).  Sun's overbroad, generic request fails. |

United States District Court
Northern District of California

| 493-72 | SUN_GLUMETZA_ 0000735 (Sun) | GRANTED. | Contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 70). |
|---|---|---|---|
| 493-73 | PX0027 (Sun) | GRANTED | Contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 71). |
| 493-95 | SUN_GLUMETZA_ 0010611 (Sun) | DENIED. | Non-party Sun explains that this ANDA status letter from the FDA contains proprietary and non-public information, the public disclosure of which could cause it competitive harm (Klein Decl. ¶ 71). But Sun's boilerplate justification does not explain how disclosure of this status letter from 2013 could now cause Sun harm. Sun's boilerplate explanation does not justify sealing this document. |
| 493-101 | SUN_GLUMETZA_ 0000002 (Sun) | DENIED. | Non-party Sun explains that this patent amendment contains a nonpublic regulatory filing related to its pharmaceutical products, the public disclosure of which would cause it competitive harm (Klein Decl. ¶ 65). But besides the general cover letter, the document merely contains the complaint from *Depomed, Inc. v. Sun Pharma Global FZE*, No. C 11-03553 JAP (TJB) (D.N.J.) (Judge Joel A. Pisano). Sun has not justified keeping this document under seal. |
| 493-110 | Settlement and License Agreement between Depomed, Valeant, Santarus, and Sun (Bausch, Sun) | GRANTED. | Contains confidential material that provides insight into how Bausch and non-party Sun structured their licensing arrangements and settled their patent litigation as well as the specific terms the parties would use in settlement negotiations, the public disclosure of which could cause Sun and Bausch competitive harm (Klein Decl. ¶ 25; Rush Decl. ¶ 6). |

| 500 | Defendants' Reply in Support of Their Motion for Summary Judgment (Sun) | DENIED as to p. 19 segment "a result . . . attributable to:". Otherwise GRANTED. | The highlighted material this order seals contains confidential information regarding production of non-party Sun's products, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 73). For the material this order does not seal, Sun has not adequately explained how or why disclosure of those nonspecific, generalized statements would now cause Sun competitive harm. |

**5.   PURCHASERS SURREPLY IN OPPOSITION TO LUPIN'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT (DKT. NO. 521).**

Direct purchaser plaintiffs conditionally filed under seal their surreply in opposition to Lupin and Defendants' motions for summary judgment (Dkt. No. 521). Defendants did not file a supporting declaration to establish the documents, or portions thereof, were sealable, as required by our local rules. *See* Civ. L.R. 79-5. Therefore, the motion to file the documents under seal is **DENIED**.

**6.   PURCHASERS' CORRECTIONS TO THEIR OMNIBUS MOTION TO SEAL (DKT. NO. 528).**

In their motion correcting their omnibus motion to seal, Dkt. No. 528, direct purchaser plaintiffs filed corrected, complete versions of documents cited in the parties' summary judgment and *Daubert* motions: Dkt. Nos. 493-58 and 493-59. In addition, direct purchaser plaintiffs also docketed PX 1237, Dkt. No. 528-2, which had been cited in their opposition briefing but not filed with the Court. *First*, non-party Sun's request to seal Dkt. No. 493-58 is discussed above. Because Sun did not file a further declaration regarding the corrected version of Dkt. No. 493-58, the previous decision applies with equal force to the corrected version of the document. *Second*, no party sought to seal Dkt. No. 493-59 in its omnibus motion or filed a declaration supporting the sealing of the document after purchaser plaintiffs filed the corrected version here, as required by our local rules. *Third*, no party filed a supporting declaration to establish that Dkt. No. 528-2, or portions thereof, are sealable, as required by our local rules. *See* Civ. L.R. 79-5. Accordingly, this motion is **DENIED**.

United States District Court
Northern District of California

**7.      LUPIN'S MOTION TO FILE UNDER SEAL DEFENDANTS' MOTION**
         ***IN LIMINE* NO. 5 (DKT. NO. 618).**

Upon review of Lupin's motion to seal and the accompanying declaration from non-party

Sun, Dkt. No. 618-1, this order finds Sun has made the requisite showing to seal certain

portions of the documents related to Defendants' motion *in limine* No. 5.  The proposed

redactions are narrowly tailored.  This order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 618-3 | SUN_GLUMETZA_0010030 (Sun) | GRANTED. | Contains confidential information regarding non-party Sun's manufacturing processes and product development, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 6). |
| 618-4 | SUN_GLUMETZA_0010180 | GRANTED. | Contains confidential information regarding non-party Sun's manufacturing processes and product development, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 7). |
| 618-5 | SUN_GLUMETZA_0010477 | GRANTED. | Contains confidential information regarding non-party Sun's manufacturing processes and product development, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 8). |
| 618-6 | SUN_GLUMETZA_0010198 | GRANTED. | Contains confidential information regarding non-party Sun's manufacturing processes and product development, the public disclosure of which would cause Sun competitive harm (Klein Decl. ¶ 9). |

**8.      DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY**
         **APPROVAL OF CLASS SETTLEMENT WITH ASSERTIO (DKT. NO.**
         **655).**

Upon review of the direct purchaser class's motion to seal and Assertio's accompanying

declaration, Dkt. No. 655-1, this order finds Assertio has made the requisite showing to seal

certain portions of the class's motion for preliminary approval of class settlement with

Assertio.  The proposed redactions are narrowly tailored.  This order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 654-10 | Shadowen Decl. Exh. 9 — Assertio financial statements | GRANTED. | Contains Assertio's detailed and comprehensive financial statements, including balance sheets, income statements, information on working capital, balances in accounts receivable, and other information (Stock Decl. ¶ 6).  The public disclosure of this confidential information would cause Assertio competitive harm — for example, when negotiating business arrangements, it could give the other party undue leverage over terms (*id.* at ¶¶ 7–11). |
| 654-11 | Declaration of Dr. Mark L. Frigo | GRANTED as to highlighted portions. | Contains specific numbers for Assertio's cash position, working capital, accounts receivable, and revenue, the public disclosure of which would cause Assertio competitive harm (Stock Decl. ¶¶ 6–11).  Notably, Assertio has not redacted more general descriptions of its financial position. |

The movants shall file public versions of the foregoing documents in full compliance

with this order by FEBRUARY 11, 2022, AT NOON.

IT IS SO ORDERED.

Dated:  December 29, 2021.

_____

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California